# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 13, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CAROLYN GURNEY, | * | Unpublished |
| *as personal Representative of* | * | |
| ESTATE OF DONALD KENT GURNEY | * | |
| | * | |
| Petitioners, | * | No. 18-29V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Joseph A. Vuckovich,* Maglio Christopher & Toale, P.A., Washington, D.C., for petitioner.
*Ryan D. Pyles,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On January 5, 2018, Carolyn Gurney, as personal representative of the Estate of Donald Kent Gurney ("petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleges that as a result of Mr. Gurney receiving the influenza ("flu") vaccine on October 29, 2015, he suffered from Stiff Person Syndrome, which in turn resulted in his death. *Id.*

On September 11, 2023, respondent file a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 69). Respondent denies that the flu vaccine was the cause of Mr. Gurney's injuries or contributed to or resulted in, his death.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

*Id.* at ¶ 6.  Nevertheless, maintaining their respective positions, the parties now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation provides:

1) **A lump sum payment of $300,000.00 in the form of a check payable to the petitioner as legal representative of the Estate of Donald Kent Gurney.  This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expediated by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CAROLYN GURNEY, as Personal Representative of the Estate of DONALD KENT GURNEY, Deceased,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | No. 18-29V<br>Special Master Thomas L. Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

　　1. On behalf of the Estate of Donald Kent Gurney (Mr. Gurney), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries, resulting in death, allegedly related to Mr. Gurney's receipt of an influenza (flu) vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

　　2. Mr. Gurney received his flu immunization on or about October 29, 2015.

　　3. The vaccine was administered within the United States.

　　4. Petitioner alleges that the flu vaccine caused Mr. Gurney vaccine-related injuries, including Stiff Person Syndrome, which in turn resulted in Mr. Gurney's death.

　　5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Donald Kent Gurney, as a result of Mr. Gurney's alleged injury and/or death.

6. Respondent denies that the flu immunization caused Mr. Gurney's alleged injury and/or any other injuries. Respondent further denies that the flu immunization contributed to, or resulted in, Mr. Gurney's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$300,000.00** in the form of a check payable to petitioner as legal representative of the Estate of Donald Kent Gurney. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Donald Kent Gurney under the laws of the State of Utah. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Donald Kent Gurney. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Donald Kent Gurney at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Donald Kent Gurney upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the Estate of Donald Kent Gurney, on behalf of herself, the Estate, and Mr. Gurney's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Gurney

resulting from, or alleged to have resulted from, the vaccination administered on or about October 29, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about January 5, 2018, in the United States Court of Federal Claims as petition No. 18-29V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Gurney's alleged injury and/or any other injury or his death; or that Mr. Gurney's death occurred as a result of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative(s) of the Estate of Donald Kent Gurney.

END OF STIPULATION

/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Carolyn Gurney*
CAROLYN GURNEY, as Personal
Representative of the Estate of
Donald Kent Gurney, Deceased

**ATTORNEY OF RECORD FOR PETITIONER:**

*Catherine Cottigan on behalf of*
JOSEPH A. VUCKOVICH
MCTLAW
1015 15th St. NW, Suite 1125
Washington, DC 20005
(888) 952-5242
jvuckovich@mctlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Henry P. Mcmillan -S3 Digitally signed by Henry P. Mcmillan -S3 Date: 2023.08.30 13:35:41 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847
ryan.pyles@usdoj.gov

Dated: September 11, 2023

5