# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 20, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| CAROLYN GURNEY, | * | |
| *as personal Representative of* | * | |
| ESTATE OF DONALD KENT GURNEY | * | |
| | * | |
| Petitioner, | * | No. 18-29V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

*Joseph A. Vuckovich*, Maglio Christopher & Toale, Sarasota, FL, for Petitioner.
*Ryan Daniel Pyles*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 20, 2024, Carolyn Gurney, as personal representative of the Estate of Donald Kent Gurney ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 75). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$127,440.60.** On August 5, 2024, petitioner filed a motion to amend their Fees App., only regarding the mailing address to where compensation will be forwarded. This motion is also **GRANTED.**

### I. Procedural History

On January 5, 2018, Carolyn Gurney, as personal representative of the Estate of Donald Kent Gurney ("petitioner"), filed a petition for compensation in the National Vaccine Injury

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of Mr. Gurney receiving the influenza ("flu") vaccine on October 29, 2015, he suffered from Stiff Person Syndrome, which in turn resulted in his death. *Id*. On September 11, 2023, the parties filed a stipulation, which I adopted as my decision awarding compensation on September 13, 2023. (ECF No. 70).

On March 20, 2024, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation in the total amount of $127,440.60, representing $115,439.20 in attorneys' fees and $12,001.40 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she did not personally incurred any costs related to litigation of this matter. Exhibit (Ex.) 86. Respondent reacted to the fees motion on March 22, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 76). Petitioner filed her reply on March 25, 2024, requesting the requested fees and costs be awarded in full. (ECF No. 77).

The matter is now ripe for adjudication.

## II.  Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following rates of compensation for their attorneys at mctlaw: for Mr. Joseph Vuckovich: $290.00 per hour for work performed in 2017, $300.00 per hour for work performed in 2018, and $315.00 per hour for work performed in 2019, $345.00 per hour for work performed in 2020, $370.00 per hour for work performed in 2021, $385.00 per hour for work performed in 2022, $415.00 per hour for work performed in 2023, and $445.00 per hour for work performed in 2024; for Ms. Alison Haskins: $387.00 per hour for work performed in 2019; For Mr. Altom Maglio: $372.00 per hour for work performed in 2017; and for Ms. Diane Stadelnikas, $359.00 per hour for work performed in 2016, and $372.00 per hour for work performed in 2017.

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $115,439.20.

      b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $12,001.40. The costs associated with acquiring medical records, legal research, medical literature, postage, and the Court's filing fee are typical in Vaccine Program cases and were reasonably incurred in this matter.

Petitioner also requests $10,625.00 for work performed by Petitioner's medical expert, Jeffrey Rumbaugh, M.D., PhD, at a rate of $500.00 per hour. The amount billed for by Dr. Rumbaugh is reasonable for the work performed, and his requested fees are awarded in full. Petitioner is therefore awarded final costs of $12,001.40.

    III.    Conclusion

In accordance with the foregoing, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $115,439.20 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$115,439.20** |
| | |
| Attorneys' Costs Requested | $12,001.40 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$12,001.40** |
| | |
| **Total Attorneys' Fees and Costs** | **$127,440.60** |

**Accordingly, I award the following: a lump sum in the amount of $127,440.60, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorneys, mctlaw.[3]** Pursuant to her motion to amend the Fees

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

**App., petitioner's check shall be forwarded to mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota FL, 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).